**COOKE et al. v. UNITED STATES.**

No. 760.

District Court, E. D. Pennsylvania.

July 23, 1941.

William R. Spofford, Thomas Burns Drum, and Charles S. Jacobs (of Ballard, Spahr, Andrews & Ingersoll), all of Philadelphia, Pa., for petitioners.

Thomas J. Curtin, Asst. U. S. Atty., and Gerald A. Gleeson, U. S. Atty., both of Philadelphia, Pa., and W. Croft Jennings, Asst. to Atty. Gen., for respondent.

GANEY, District Judge.

This is a civil action brought by the petitioners to recover the sum of $3,638.11 together with interest, paid as income tax for the calendar year 1934. The case was tried before the court upon a stipulation of facts together with exhibits. From the facts agreed upon and those revealed by the exhibits, it appears that the petitioners during the time in question were executors of the last will and testament of Nina L. B. Cooke, who died November 20, 1933, a resident of Chestnut Hill, Pennsylvania. On May 4, 1930, Ida V. Benson, mother of Nina L. B. Cooke, died testate leaving a last will and testament, probated at Philadelphia, the seventh paragraph of her will provided as follows: "Seventh: In the event of the death of a daughter of mine leaving no daughter or daughters her surviving, then and in that event upon the death of such daughter of mine to pay over and distribute that part of the corpus or principal of the trust created in and by paragraph fifth of this my Will from which such daughter was entitled to the income, unto the executor or executors of any Last Will and Testament of such daughter, duly proved and allowed, to be distributed by such executor or executors in accordance with the terms of any such Last Will and Testament."

Mrs. Cooke, the daughter of Mrs. Benson, died leaving "no daughter or daughters her surviving", and in her last will and testament probated in Montgomery County, Pennsylvania, she nominated and appointed the claimants as executors, who qualified as such on November 24, 1933, and continued to act in that capacity. Pursuant to paragraph seventh of Mrs. Benson's will, her trustees under that will transferred in 1934 certain securities which had constituted a part of the corpus of the trust from which Mrs. Cooke had been receiving the income during her life, to claimants, executors of Mrs. Cooke's estate. Further, during the year 1934 the claimants as executors of Mrs. Cooke's estate, sold a number of securities they had received from the trustees under Mrs. Benson's will, which was done at the suggestion of one of the claimants, Jay Cooke, in order to close the accounts of the estate of his mother, Mrs. Cooke.

In the income tax return filed on behalf of Mrs. Cooke's estate for 1934 in calculating gain or loss from the aforesaid sale, the claimants used as a basis their value on November 20, 1933, the date of Mrs. Cooke's death, and determined a capital net gain of $10,114.14 had been realized, and paid a tax of $8,816.22. Excepting for a few minor adjustments the return of the

executors, claimants herein, of Mrs. Cooke's estate, was accepted by the Commissioner of Internal Revenue. On January 8, 1938, the claimants, executors of Mrs. Cooke's estate, filed with the Collector at Philadelphia, a claim for refund of $3,638.11 which they allege had been erroneously paid for the year 1934, giving as a ground for their recovery the following: "During 1934 the claimants received certain securities bequeathed to them under the will of Ida V. Benson, who died on May 4, 1930. A part of these securities were sold during 1934, and in calculating gain or loss from said sales the Executors used the value on November 20, 1933, the date of Mrs. Cooke's death, rather than the value on the date of the death of Mrs. Benson, the decedent from whom they acquired the securities. This resulted in a capital gain of $10,114.-14, which they reported in their return, which gain was later increased to $10,-384.33 by the Revenue Agent. The May 4, 1930, value was the proper basis, which gives rise to a capital net loss of $2000. rather than the gain above mentioned; and results in an overpayment of tax in the amount of $3,638.11, the amount here claimed. Details of this adjustment are set forth in supporting schedules, attached to Claimants' protest, which was filed with the Internal Revenue Agent in Charge at Philadelphia, Pa., on October 30, 1936, and which is incorporated herein by reference. Executor still acting."

On October 31, 1938, the Commissioner by letter rejected the claimants' petition for refund and thereafter this action was instituted.

The question involved is whether in computing gain or loss from the sale of securities above mentioned under Sec. 113(a) (5) of the Revenue Act of 1934, 26 U.S. C.A. Int.Rev.Code, § 113(a) (5), the basis thereof should be their value on May 4, 1930, the date of Mrs. Benson's death, or the value on November 20, 1933, the date of Mrs. Cooke's death.

The pertinent statute is Section 113(a) (5) of the Revenue Act of 1934, which is as follows:

"§ 113. Adjusted basis for determining gain or loss—

"(a) Basis (unadjudged) of property. The basis of property shall be the cost of such property; except that—
\* \* \* \* \* \* \* \* \*

"(5) *Property transmitted at death.* If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. \* . \* \* For the purpose of this paragraph property passing without full and adequate consideration under a general power of appointment exercised by will shall be deemed to be property passing from the individual exercising such power by bequest or devise. \* \* \*" Title 26 U.S.C.A. Int. Rev.Code, § 113.

There is no denial that Mrs. Cooke had a general power of appointment and that she exercised this power in her will. The question then presents itself as to the time when the beneficial title to the securities sold in 1934 vested in the appointees of the power under the will of Mrs. Cooke, since the nub of the problem is to find "when the property was acquired by bequest". It is the contention of the claimant that the time at which the property here involved was "acquired by bequest", pursuant to Section 113(a) (5) of the Revenue Act of 1934, was the date of Mrs. Benson's death, which was May 4, 1930. This, by reason of the fact that the personalty was in the hands of the claimants as executors of Mrs. Cooke's estate, as property received from Mrs. Benson and until distribution was made by them as executors under Mrs. Cooke's will, they were a mere conduit, and therefore until the transfer was made to the appointees of the power in accordance with Mrs. Cooke's will, and until this distributive act was effected, there was no complete exercise of the power of appointment within the contemplation of the statute, and so until this was accomplished Mrs. Benson's will alone was operative.

The government's contention is that title passed to the executors of Mrs. Cooke's estate, the claimants herein, immediately upon their qualification, as of the date of her death, not for themselves, but for the benefit of the appointees, and that delivery of the property in 1934 by the trustees of Mrs. Benson's will was merely manual delivery of their possession; that the incidence of title having passed upon Mrs. Cooke's death, the date of her death was the proper one for determining gain or loss of the securities in question.

The adoption of this view is regarded as the better one for as is pointed

**24**

out by the defendant the provisions in paragraph seventh of Mrs. Benson's will, "to be distributed by such executor or executors in accordance with the terms of any such Last Will and Testament" was not to restrict the devolution of the title to the property, but merely, "a descriptive aid in the delineation of the power". It is well settled that upon the death of an owner title to personal property does not at once vest in legatees but that immediately upon the death of the owner there vests in each of them a right to his or her distributive share of so much as shall remain after proper administration and the right to have it delivered upon entry of the decree of distribution, Brewster v. Gage, 280 U. S. 327, 50 S.Ct. 115, 116, 74 L.Ed. 457. In this case the court says as follows: "Upon acceptance of the trust there vests in the administrators or executors, as of the date of the death, title to all personal property belonging to the estate; it is taken, not for themselves, but in the right of others for the proper administration of the estate and for distribution of the residue. The decree of distribution confers no new right; it merely identifies the property remaining, evidences right of possession in the heirs or legatees, and requires the administrators or executors to deliver it to them. The legal title so given relates back to the date of the death". To the same effect is Security Trust Company et al. v. Commissioner of Internal Revenue, 6 Cir., 65 F.2d 877. In accordance with these views, when the executors, claimants herein, under Mrs. Cooke's will, qualified as executors there vested in them then, title to the securities sold in 1934, as of the date of her death. The title so taken was not as has been indicated, taken for themselves, but for the benefit of the appointees of the power pursuant to the orderly administration of the estate. To say that the passing of title had to await distribution by the executors of Mrs. Cooke's will, claimants herein, would indeed be a strained construction and not in conformity, as we have indicated, with the authorities. The distribution by the executors was done in the capacity of personal representatives of Mrs. Cooke and not as agents or fiduciaries of Mrs. Benson, and the authority of Mrs. Benson's will ended with the delivery of the securities to Mrs. Cooke's executors, who had taken title upon qualification as executors and the required "passing" under the statute occurred at that instant, since they took for the benefit of the appointees as of the date of Mrs. Cooke's death.

Judgment is accordingly entered for the defendant.